IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JEROME L. GRIMES,             )<br>          Plaintiff,            )<br>                               )<br>v.                             )<br>                               )<br>AVIS, BUDGET, and PAYLESS GROUP, INC.,  )<br>          Defendant.           ) | No. 3:17-CV-1820-B |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

I.

Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983. Plaintiff also filed a motion to proceed *in forma pauperis* showing that he had $2,195 in his prison trust fund account. On July 19, 2017, the Court found that Plaintiff had sufficient assets to pay the $400.00 filing fee and ordered Plaintiff to pay the fee within thirty days or the Court would recommend dismissal of his complaint. On August 22, 2017, Plaintiff filed a motion for extension of time to pay the filing fee. On August 31, 2017, the Court granted Plaintiff an extension of thirty days, or until October 1, 2017, to pay the filing fee. More than thirty days have passed and Plaintiff has failed to pay the filing fee or file any other motions for extension of time to comply with the Court's order.

**Findings, Conclusions and Recommendation
 of the United States Magistrate Judge**     Page 1

II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Plaintiff has failed to comply with the Court's Order. Accordingly, his complaint should be dismissed for want of prosecution.

III.

For the foregoing reasons, the Court recommends that the District Court dismiss Plaintiff's complaint without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

Signed this 17th day of October, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).